UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERIC RICHARDSON**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 11-0394**

**DAVE YELVERTON, WARDEN**                             **SECTION "A"(5)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** due to petitioner's failure to exhaust his state court remedies.

**PROCEDURAL HISTORY**[1]

Petitioner, Eric Richardson, is presently incarcerated in the Jackson Parish Detention Center in Jonesboro, Louisiana. On April 12, 2006, petitioner, in a case assigned criminal docket number 2006-1719 "H" in the Twenty-Fourth Judicial District Court for the Parish of Jefferson ("24th JDC"), was charged by bill of information with possession of a firearm while in possession of heroin and possession of cocaine in excess of 28 to 199 grams. (St. rec., vol. 3, p. 38). On May 30, 2006, petitioner, in a case assigned criminal docket number 2006-2818 "H" in the 24th JDC, was charged by bill of information with possession with intent to distribute heroin. (St. rec., vol. 4, p. 32). In both cases, petitioner filed motions to suppress evidence which were denied.

On May 19, 2009, petitioner, before 24th JDC Judge Glenn B. Ansardi, pled guilty to all of the charges lodged against him. On this same date, Judge Ansardi sentenced petitioner as follows: 18 years for his possession of cocaine conviction; five years for his possession of a firearm while in possession of heroin conviction; and, 18 years imprisonment with the first five years to be served

---

[1] A portion of the procedural history was taken from the following Louisiana Fifth Circuit Court of Appeal's decisions: State v. Richardson, 33 So.3d 903 (La. App. 5 Cir. Feb. 9, 2010); and, State v. Richardson, 33 So.3d 910 (La. App. 5 Cir. Feb. 9, 2010).

without benefit of probation or suspension of sentence for his possession with intent to distribute heroin conviction, with all sentences to run concurrently.

Petitioner timely appealed his convictions to the Louisiana Fifth Circuit Court of Appeal. On February 9, 2010, the Louisiana Fifth Circuit, with regard to criminal docket number 2006-1719, affirmed petitioner's convictions and sentences, but remanded the matter with the directive that the district court "make an entry in the minutes reflecting the proper grade of offense, and the fact that defendant pled guilty to possession of 28 grams or more but less than 200 grams of cocain, not possession with intent to distribute the cocaine." State v. Richardson, 33 So.3d 903, 908 (La. App. 5 Cir. Feb. 9, 2010).

On that same date, February 9, 2010, the Louisiana Fifth Circuit, with regard to criminal docket number 2006-2818, affirmed petitioner's conviction and sentence, but remanded the matter with the directive that the district court amend the commitment order to accurately reflect that petitioner was convicted of possession with the intent to distribute heroin, rather than distribution of heroin. State v. Richardson, 33 So.2d 910, 914 (La. App. 5 Cir. Feb. 9, 2010).

In both of his appeals, petitioner raised the same argument, namely, that the district court erred in denying his motions to

3

suppress. The Louisiana Fifth Circuit, however, determined that petitioner, by virtue of his guilty pleas in these cases, waived his right to challenge the district court's adverse rulings. The Louisiana Fifth Circuit reasoned:

> We find that defendant did not preserve his right to raise this suppression issue on appeal. A guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the entry of the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. King, 99-1348, p. 3 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied, 00-1824 (La.6/29/01), 794 So.2d 822. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. Id. Under State v. Crosby, 338 So.2d 584 (1976), a defendant may reserve his right to appeal an adverse prior ruling of the trial court. Id....
>
> In this case, we find that defendant, who was represented by counsel, did not enter his guilty plea under Crosby. On May 19, 2009, prior to the colloquy with defendant, defense counsel stated, "Before we go through the colloquy, the defendant wanted me to put on the record, one, that he wanted to make sure there was an objection to the original rulings by Judge Hand to the motions to suppress." ... Although the objections to the suppression rulings were noted, we find that this statement, which defendant wanted on the record, did not serve as part of the plea agreement and did not preserve review of the ruling on appeal.
> Richardson, 33 So.2d 903, 906-907.

Similar language is contained in the appellate opinion of State v. Richardson, 33 So. 2d 910, 913 (La. App. 5 Cir. Feb. 9, 2010).

4

Following the Louisiana Fifth Circuit's adverse decisions, petitioner timely filed one writ application, 2010-K-0526, with the Louisiana Supreme Court. In his writ application, petitioner claimed that the appellate court erred in determining that he did not preserve his right to appeal the district court's rulings on his motions to suppress. Specifically, petitioner argued:

> While the magic words, "Crosby appeal," were not used in objecting to the district court's denial of the motion to suppress, the objections to the district court's rulings were made by Petitioner's attorney on the record prior to the plea colloquy between the court and Petitioner, and it was understood by the court and Petitioner that preservation of the right to appeal was the desire and intent. Petitioner avers that this process was sufficient to grant an appeal, and the Court of Appeal's judgment undermines the Petitioner's right to appeal.

(St. rec., vol. 5, "Petitioner's Application for Writs of Certiorari, Prohibition and Review", p. 5).

On October 15, 2010, the Louisiana Supreme Court, in a one word opinion, denied petitioner's writ application. State v. Richardson, 45 So.3d 1109 (La. 2010). Thereafter, petitioner had 14 days within which to seek a rehearing. See La.C.Cr.P. art. 922(A). Petitioner did not seek a rehearing. Thus, under the

5

provisions of La.C.Cr.P. art. 922(B), petitioner's convictions and sentences became final on October 29, 2010.[2]

Following the state supreme court's October 15, 2010 opinion, petitioner did not seek state post-conviction relief. Instead, he filed the instant federal habeas application, raising the following two claims: 1) he was denied his right to effective assistance of counsel in that counsel failed to preserve his right to appeal the rulings on his motions to suppress evidence; and, 2) he was denied his right to appeal the district court's denials of his motions to suppress.

In its response (rec. doc. 10), the state concedes that petitioner's habeas application is timely. The state, however, contends that petitioner has failed to exhaust his state court remedies.

**EXHAUSTION/PROCEDURAL DEFAULT**

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief. 28 U.S.C. §2254(b)(1)-(3); Rose v. Lundy, 455 U.S. 509 (1982). As the Supreme Court explained in Picard v.

---

[2]Article 922(B) provides: "A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

Connor*, 404 U.S. 270, 275 (1971) (citations and quotations omitted):

> The exhaustion-of-state remedies doctrine ... reflects a policy of federal-state comity, ... an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.... We have consistently adhered to this federal policy, for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.

The state argues that petitioner failed to exhaust his state court remedies because he failed to raise one of his claims, ineffective assistance of counsel, to the Louisiana Supreme Court. Specifically, the state asserts:

> In this case, the petitioner has filed a single writ application with the Louisiana Supreme Court.... In that filing, the only claim the petitioner raised was whether the Court of Appeal "erroneously dismissed" the petitioner's appeal.... To date, the petitioner has not presented to the state's highest court the ineffective assistance of counsel claim currently raised before this Honorable Court.

Rec. doc. 10, state's response, p. 7.

The Court finds that the state's argument in this regard has merit. As reflected above, not only did petitioner not raise ineffective assistance of counsel before the state high court, he lauded his attorney's performance, asserting that his attorney had taken the appropriate action to preserve his right to appeal the

7

denial of his motions to suppress. (St. Rec., vol 5, "Petitioner's Application for Writs of Certiorari, Prohibition and Review, p. 5).

Related to the exhaustion requirement is the doctrine of procedural default, another separate but distinct limit on the availability and scope of federal habeas review. See Nobles v. Johnson, 127 F.3d 409, 420-423 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). "'A procedural default ... occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims would now find the claims procedurally barred.'" Bourg v. Prince, 2010 WL 1552723, *3 (E.D. La. March 19, 2010) (Chasez, MJ.), adopted, 2010 WL 1552728 (E.D. La. April 14, 2010) (Africk, J.) (quoting Nobles, 127 F.3d at 420 (additional quotation and citation omitted)).

La.C.Cr.P. art. 930.8(A) provides that no application for post-conviction shall be considered by the state courts if it is filed more than two years after defendant's judgment of conviction and sentence have become final. Generally, this two-year filing requirement bars a petitioner from raising his unexhausted claim in state court.

As a result of the 930.8 bar, federal habeas courts often dismiss an unexhausted claim as procedurally defaulted rather than

8

dismiss the claim without prejudice to allow petitioner to go back to state court to exhaust his state court remedies. See generally Buniff v. Cain, 2011 WL 2669277, *7 (E.D. La. July 7, 2011) (Lemelle, J.) (petitioner is not entitled to a dismissal without prejudice; if petitioner were to file a state post-conviction application in order to exhaust his claim, it would be time barred under Article 930.8); Jones v. Cain, 2010 WL 3825420, *6 (E.D. La. Aug. 11, 2010) (Chasez, MJ.), adopted, 2010 WL 3825417 (E.D. La. Sept. 23, 2010) (Zainey, J.) (because petitioner's time for going back and raising his unexhausted claim in state court has expired under Article 930.8, petitioner's claim is procedurally barred). As shown below, this general practice, i.e., procedurally barring an unexhausted claim, is inappropriate in this case.

Petitioner's judgments of conviction and sentences were not final until October 29, 2010. See supra at p.6. Thus, under the dictates of Article 930.8, petitioner has almost a year remaining within which to timely raise his ineffective assistance of counsel claim in a state post-conviction application.

In a situation such as this, where a petitioner presents a "mixed" habeas corpus petition, i.e., one containing both exhausted and unexhausted claims, the requirement, under *Lundy*, *supra*, that all habeas claims be fully exhausted, coupled with the one-year statute of limitations imposed under Section 2244(d)(1) of the

AEDPA, can cause prescription problems. Such a problem arose in Rhines v. Weber, 544 U.S. 269, 275 (2005), wherein the Supreme Court observed:

> As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review.

While an obvious remedy to the above-described problem is for a federal court to stay a petitioner's habeas action until he exhausts his state court remedies, the Court warned against the wholesale embrace of such an approach, noting that the dual purpose of the AEDPA, enacted "against a backdrop of Lundy's total exhaustion requirement", is reducing the potential for delay in finalizing state court judgments and encouraging litigants to bring all their claims to state court before bringing them to federal court. Rhines, 544 U.S. at 276-77. The Court warned that staying federal habeas corpus petitions and holding them in abeyance, "if employed too frequently, has the potential to undermine [the above-described] twin purposes", explaining:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal

proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534.

With the above in mind, the Court decreed:

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Rhines, 544 U.S. at 277.

In the instant matter, the Court finds there was good cause for petitioner's failure to exhaust his claim of ineffective assistance of counsel. First, it is well-established that in order to satisfy the exhaustion requirement, a petitioner must raise his claim at every state court level. See Baldwin v. Reese, 541 U.S. 27, 31-32 (2004) (To exhaust one's state court remedies, a petitioner must properly present each of his federal habeas claims to each reviewing state court.) In this case, it was impossible for petitioner to satisfy this requirement. His claim that counsel was ineffective because he failed to preserve his right to appeal, did not arise until the state appellate court determined that petitioner's right to appeal had not been preserved.

Further, the failure of petitioner's counsel to raise an ineffectiveness claim to the state supreme court could be attributable to the fact that ineffectiveness claims are generally brought in state post-conviction proceedings.

Based upon the above, the Court finds there was good cause for petitioner's failure to exhaust his state court remedies. Accordingly;

**RECOMMENDATION**

It is hereby recommended that the application for federal habeas corpus relief of petitioner, Eric Richardson, be stayed pending his exhaustion of his state court remedies.

It is further recommended that the Clerk of Court be ordered to administratively closed the above-captioned action.

It is further recommended that petitioner be given 30 days following the exhaustion of his state court remedies to notify this Court of same and move to have the above-captioned matter reopened.[3]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's

---

[3] Upon petitioner's timely motion to reopen, this Court shall consider the merits not only of petitioner's ineffectiveness claim, but also his claim that he was unlawfully denied his right to appeal.

report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[4]

    New Orleans, Louisiana, this __1st__ day of __December__, 2011.

                                           _____
                                                  ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.